## 31789. SANDERS et al. v. DARNELL et al.

HALL, Justice.

This is an action for partition brought by Ada Sanders and her son against Girtha Darnell and her son. The trial court ruled that the partition action was brought by one life tenant against another under Code Ann. § 85-1516 et seq.; that the survivorship provision in their common deed made it impossible to determine who would take the remainder until the death of one of them; and that under Code Ann. § 85-1514 he would refuse to partition the land because it would be impossible to protect the interests of each party in doing so. Upon this appeal by the Sanderses, we disagree with the trial court's analysis of the interests held by the parties, and remand for reconsideration of the prayer for partition.

Girtha Darnell was given this land by her father (also Ada Sanders' father) upon the understanding that she would divide it with her three siblings, including Ada. The deed in question here is from Girtha to herself and others, and the complexity of the present issue springs from the following granting provision:

"Grantor Girtha Ann Darnell reserves to herself one-fourth undivided interest in said lands for life and the remainder one-fourth undivided interest to the children of said Girtha Ann Darnell, born or to be born, the intent

being to pass the title in presenti, but postponing possession of said interest till the death of grantor. One-fourth undivided interest in said lands shall vest in each of the grantees [the four grantees are Girtha and her three siblings] for life and at their deaths the remainder shall vest in their children, born or to be born. *If said grantor Girtha Ann Darnell and/or each of said grantees should die leaving no lineal heir, then said remainder interests shall vest in the survivor or survivors of said grantor Girtha Ann Darnell or such grantees or their lineal heirs as the case may be, such lineal heirs standing in the place of their deceased parent."* (Emphasis supplied.)

The two siblings of Mrs. Sanders and Mrs. Darnell both died without lineal heir. We determine that under the italicized deed language, the remainders after the life estates of the deceased siblings (each an undivided one quarter of the land) have already vested *in fee simple* in Mrs. Sanders and Mrs. Darnell, who are tenants in common of an undivided portion of the estate. It should be noted here that under this rationale, the second to die of the two deceased siblings in addition to her life estate already owned in fee simple one-third of an undivided one quarter in the land which came to her as a remainderman upon the death of the first to die of the siblings. This fee simple interest in the land might have passed under her will or by reason of intestacy to someone not yet a party to this lawsuit. Therefore, we cannot assume that Mrs. Sanders and Mrs. Darnell actually possess all of the remainder of the two deceased siblings, in fee simple.

Mrs. Sanders and Mrs. Darnell still have their own life estates, each in an undivided one quarter of the land, with the contingent remainders in fee to their children, granted them by the deed; but additionally they possess between them in fee simple all of the remainder after the life estate of the second deceased sibling, and at least two thirds of the remainder after the life estate of the first deceased sibling. Thus, they are a great deal more than merely life tenants, though the record and briefs indicate that counsel and the trial court have heretofore considered them merely life tenants.

We therefore conclude that since the petition does not expressly invoke any particular Code section but can be

construed as an averment that both women own a portion of the land in fee simple (see paragraph 2 of division 2 of the petition), the trial court erred in concluding that the petition was necessarily grounded in Code Ann. § 85-1516 et seq. concerning partition by life tenants. We will therefore vacate the judgment and remand the appeal so that the trial court may consider the applicability of other Code sections, including those governing partition by one of common owners, and may redetermine whether a judgment might be framed adequately protecting the interests of the parties.

*Judgment vacated and appeal remanded with direction. All the Justices concur.*

ARGUED JANUARY 11, 1977 — DECIDED FEBRUARY 14, 1977.

*Dawson & Huff, Robert J. Huff,* for appellants.
*Davis, Davidson & Hopkins, Ronald K. Hopkins,* for appellees.